**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ROBERT HALL,                            )
                                        )
      Plaintiff,                   )
                                        ) Civil Action No. 1:25-cv-03696-LLA
    v.                              )
                                        ) Hon. Loren L. AliKhan
AMERICAN EXPRESS COMPANY, *et al.*,     )
                                        )
      Defendants.                  )

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

The CRA Defendants — Trans Union LLC, Experian Information Solutions, Inc., and Equifax Information Services LLC — move for judgment on the pleadings, ECF No. 32, by recasting this case as a contract quarrel that consumer reporting agencies cannot be asked to referee. They say Plaintiff merely complains that American Express promised not to report a concededly delinquent account, and that policing such a private promise is not a CRA's job. Plaintiff does not quarrel with that legal principle — it simply has no application here. Plaintiff does not ask the Court to enforce any private promise; he alleges that Defendants reported objectively false payment information and failed to correct it after he disputed it. Defendants' own exhibits show why that distinction matters.

Plaintiff alleges that, in April 2025, American Express restructured his delinquent business account into a fixed forty-eight-month plan of $228 per month at five percent under its "Financial Relief Program," and that he paid that amount on time, every month, by automatic debit from his United Bank account. (Compl. ¶¶ 16–17). American Express nevertheless reported the account as a delinquent, closed collection on Plaintiff's personal credit report and "falsely reported missed

1

payments for April, May, June, July, and August 2025, despite Plaintiff having made every payment as agreed." (Compl. ¶¶ 18–19). On September 22, 2025, an American Express representative admitted Plaintiff had made all required payments and could not explain why its system reported them as delinquent. (Compl. ¶ 23). Defendants' own Exhibit A is consistent with Plaintiff's allegations and, at a minimum, raises a factual dispute that forecloses judgment on the pleadings: the TransUnion file they attached shows the balance falling by **exactly $228 every single month** — $10,688, then $10,460, $10,232, $10,004, $9,776, $9,548 — while that same report lists "Amount Paid" as $0 in every month, rates the account "COL" (collection) in every month, and shows the past-due figure curing from $456 to $228 to $0. Those month-to-month reductions are consistent with Plaintiff's allegation that the required $228 payments were being made, even as the same report records "$0 paid" and an "in collection" status. At a minimum, that is a factual conflict, not a legal opinion.

Whether a fixed monthly payment was due, and whether it was paid on time, is *objectively and readily verifiable* from American Express's servicing records and Plaintiff's bank statements. It is therefore an actionable inaccuracy under the FCRA — not a "legal dispute" about whether a debt is owed. Because the Complaint plausibly alleges factually false reporting and an unreasonable failure to reinvestigate, and because Rule 12(c) does not permit the Court to adopt Defendants' contested version of the facts, the motion should be denied. In the alternative, leave to amend should be freely granted.

**STATEMENT OF FACTS**

On a Rule 12(c) motion the Court accepts Plaintiff's well-pleaded allegations as true and draws every reasonable inference in his favor. *Peters v. Nat'l R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992). So taken, the allegations are these.

2

The account at issue is Plaintiff's business American Express Plum Card. (Compl. ¶ 9). By December 2024 it had become delinquent, and Plaintiff does not ask this Court to erase that historical delinquency. (Compl. ¶ 15). In April 2025, American Express enrolled Plaintiff in its "Financial Relief Program," restructuring the business obligation into fixed monthly payments of $228 over forty-eight months at five percent interest, conditioned on Plaintiff making the first payments immediately, which he did. (Compl. ¶ 16).

Plaintiff performed. He enrolled and made all required payments, automatically deducted from his United Bank checking account (Compl. ¶ 17) — as confirmed by American Express's own account-activity statement, incorporated into the Complaint, which records six consecutive "$228 AUTOPAY PAYMENT — THANK YOU" entries from April through September 2025. Notwithstanding that performance, American Express reported the account as a delinquent, closed collection on Plaintiff's personal credit report "contrary to express assurances that such reporting would not occur" (Compl. ¶ 18), and "falsely reported missed payments for April, May, June, July, and August 2025, despite Plaintiff having made every payment as agreed" (Compl. ¶ 19). The TransUnion screenshot incorporated into the Complaint shows the same account marked "In Collections" and "Derogatory," reciting that Plaintiff "made 0% of payments for this account on time" — directly contradicting the six autopayments in American Express's records.

Plaintiff disputed the false reporting directly with American Express and with all three CRA Defendants. (Compl. ¶ 20). Rather than evaluate the objectively verifiable payment records, the CRAs "adopted and maintained the inaccurate data without conducting a reasonable reinvestigation" (Compl. ¶ 21), and Defendants "refused to correct their false reporting" (Compl. ¶ 24). Plaintiff submitted those disputes on or about June 3, 2025, and the CRA Defendants did not correct the reporting. Defendants' own Exhibit B (Experian) bears the notation that the

tradeline was "updated from our processing of your dispute in Jun 2025," yet still reports the account as a collection. ECF No. 32-3.

American Express — the furnisher — has since resolved Plaintiff's claims against it and was dismissed with prejudice. ECF No. 30. Plaintiff does not rely on that resolution as evidence of the CRA Defendants' liability, and it forms no part of the argument below.

## LEGAL STANDARD

A Rule 12(c) motion is reviewed under essentially the same standard as a Rule 12(b)(6) motion. The Court accepts the non-movant's well-pleaded allegations as true and views the pleadings — and every reasonable inference drawn from them — in the light most favorable to the non-movant; it does not credit the movant's contested factual assertions. *Peters*, 966 F.2d at 1485. Judgment on the pleadings is appropriate only where no material fact is in dispute and the movant is entitled to judgment as a matter of law. The pleading need only contain enough factual matter, accepted as true, to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In deciding the motion the Court may consider the complaint, documents attached to or incorporated into it by reference, and matters of which it may take judicial notice. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621 (D.C. Cir. 1997).

Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to less stringent standards than those drafted by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

## ARGUMENT

### I. Defendants' Motion Attacks a Claim Plaintiff Does Not Assert.

The motion rests on a single premise: that Plaintiff "is not disputing that he failed to pay his Account timely or that his account was untimely charged off," and instead seeks to enforce a

4

private promise by American Express not to report. ECF No. 32-1. From that premise Defendants argue that CRAs cannot be made to adjudicate a contract dispute. The premise is wrong, so the conclusion fails.

Plaintiff does not allege that American Express promised to suppress an accurate delinquency, and he does not ask the CRA Defendants to construe a contract, decide whether any debt is enforceable, or delete a truthful historical entry. He alleges that the information Defendants actually reported was factually false: that he made every payment on the restructured account on time, and that Defendants reported the account as a current collection with missed monthly payments that never happened. (Compl. ¶¶ 19, 23). A motion that refutes a claim never pleaded cannot support judgment on the pleadings.

Defendants' reliance on the historical delinquency conflates two different things. The pre-restructuring delinquency is not the subject of these FCRA claims. What Plaintiff challenges is the reporting of the *restructured, performing* obligation — its current "collection" status and its month-by-month payment grid — which he alleges misrepresented an account that was being paid as agreed. The FCRA requires accuracy as to each reported item, including current status and payment history; a permissible historical entry does not license a false current status.

Defendants' framing also targets the wrong claims. The allegation that American Express promised not to report (Compl. ¶ 18) was the premise of Plaintiff's *contract* and *fraud* counts against American Express (Counts I–II) — counts dismissed with prejudice when American Express settled. ECF No. 30. The claims now before the Court are the FCRA counts against the CRA Defendants (Counts V and VI), which rest on false payment reporting (Compl. ¶¶ 19, 23) and an unreasonable failure to reinvestigate (Compl. ¶¶ 20–21, 24). Defendants attack the surviving CRA counts with the theory of the dismissed furnisher counts.

## II.  A Historical Delinquency Does Not License False Reporting of the Account's Current Status and Payment History.

Defendants' argument reduces to a syllogism: the account was once delinquent; a delinquent account may be reported as a collection; therefore the reporting was accurate. The premise does not carry the conclusion. Plaintiff does not seek to erase the pre-restructuring delinquency. He challenges what Defendants reported about the account *after* it was restructured — its current "in collection" status and the month-by-month entries showing missed payments for April through August 2025. The FCRA requires accuracy as to each reported item; a permissible historical entry does not license a false current status or a fabricated payment grid. Accepting everything Defendants say about December 2024, the Complaint still plausibly alleges that the account was reported as currently delinquent while it was being paid as agreed — and that is the violation. A report may be actionably inaccurate even where its individual entries are defensible in isolation, so long as the presentation as a whole conveys a materially misleading impression of the account's current status. *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 148 (4th Cir. 2008).

Defendants' own memorandum confirms the point: they contend that Plaintiff's payments "would not have affected the accuracy of the 'charged off' or 'collection' reporting." That is not a pleading defect; it is a contested, merits-laden assertion that cannot be resolved against Plaintiff on a Rule 12(c) motion, where his allegation that the payments were made and falsely reported as missed must be taken as true.

## III.  Plaintiff Plausibly Alleges an Objectively Verifiable Factual Inaccuracy — and Defendants' Own Exhibits Prove It.

### A.  The governing test is objective verifiability, not a label.

To state a claim under 15 U.S.C. § 1681e(b) or § 1681i, a plaintiff must allege that the report contained inaccurate information. Information is "inaccurate" when it is patently incorrect or misleading in a way that can be expected to affect credit decisions. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). Information may be technically accurate yet nevertheless constitute an actionable inaccuracy if it is presented in a manner that creates a materially misleading impression. *Saunders*, 526 F.3d at 148.

The line Defendants invoke — between inaccuracies a CRA must address and "legal disputes" it need not — turns on whether the disputed information is *objectively and readily verifiable. Sessa v. Trans Union, LLC*, 74 F.4th 38 (2d Cir. 2023) (an FCRA claim alleges an actionable "inaccuracy" so long as the challenged information is objectively and readily verifiable); accord *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 269 (2d Cir. 2023); *Holden v. Holiday Inn Club Vacations, Inc.*, 98 F.4th 1359 (11th Cir. 2024). The Fourth Circuit — whose FCRA decisions Defendants themselves invoke — has now adopted the same standard, holding that disputes resting on objectively and readily verifiable information are within the Act regardless of any "legal" label. *Roberts v. Carter-Young, Inc.*, 131 F.4th 241 (4th Cir. 2025).

Plaintiff's allegations sit squarely on the factual side of that line. Resolving them requires no contract construction and no ruling on any debt's enforceability — only answers to verifiable questions: What fixed monthly payment was due under the plan? Was it received, and on time? What did Defendants report — collection status, missed payments? Did the reported payment grid match the payments actually made? Each is answerable from American Express's servicing data and Plaintiff's bank records. (Compl. ¶¶ 19–23).

**B. Defendants' own Exhibit A is internally self-contradictory.**

Defendants attached the TransUnion file as Exhibit A to prove their reporting was accurate. ECF No. 32-2. If anything, it undercuts that claim. The exhibit reports the account balance dropping by **exactly $228 each month** across the relevant period — $10,688 (Apr.), $10,460 (May), $10,232 (June), $10,004 (July), $9,776 (Aug.), $9,548 (Sept.) — a reduction that matches, to the dollar, the $228 monthly plan payment Plaintiff alleges. (Compl. ¶¶ 19–21). In the very same grid, the exhibit reports "Amount Paid" of $0 and "Scheduled Payment" of $0 in every month, rates the account "COL" in every month, and shows the past-due amount curing from $456 to $228 to $0. A balance that falls by the exact plan payment, month after month, while the report says nothing was paid, is exactly the kind of information that may be "patently incorrect or … misleading." *Dalton*, 257 F.3d at 415. At a minimum, drawing all inferences in Plaintiff's favor, the exhibit corroborates — it does not refute — the allegation that payments were made and not credited.

Experian's Exhibit B is to the same effect: it reports the account as a collection with "No Data" in the payment fields, while carrying the notation that the item was "updated from our processing of your dispute" — confirming both that Plaintiff disputed and that the reporting survived reinvestigation uncorrected. ECF No. 32-3. None of this requires a tribunal. It requires comparing what was reported against what was paid.

## IV. Defendants' "Legal Dispute" Authorities Are Inapposite.

Defendants' cases address a different situation: a consumer asking a CRA to decide a *legal* question — whether a debt was valid, discharged, or contractually owed. In *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891–92 (9th Cir. 2010), the consumer asked the CRA to decide whether her insurer, not she, owed a medical charge — a contract question a CRA is "ill equipped"

to resolve. *Denan v. Trans Union LLC*, 959 F.3d 290, 295 (7th Cir. 2020), is the same: it involved a *legal* defense to the debt's validity, not a factual error in the data.

That premise is absent here. Plaintiff does not ask any Defendant to decide whether the debt is enforceable or whether American Express breached an agreement. He alleges that the payment data Defendants reported was false — a determination requiring only a comparison of reported entries against objective records. These authorities do not immunize a CRA from reporting that a borrower missed payments he demonstrably made.

## V. Whether the Reporting Was Inaccurate and Whether the Reinvestigations Were Reasonable Are Fact Questions.

Even if Defendants' characterization of the account were *permissible*, they cannot show on the pleadings that it is the *only* permissible reading. Whether information is misleading, and whether a CRA's reinvestigation was reasonable, are ordinarily questions of fact. *Saunders*, 526 F.3d at 148; *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1303–04 (11th Cir. 2016) (reasonableness of a reinvestigation is generally a question for the jury).

Plaintiff alleges he disputed the reporting more than once, with documentation, and that Defendants failed to correct objectively false payment information — a failure Experian's own exhibit confirms occurred after a dispute was processed. (Compl. ¶¶ 22–23); ECF No. 32-3. Read in Plaintiff's favor, those allegations raise a triable question whether Defendants' procedures and reinvestigations were reasonable, which cannot be answered against him at the pleading stage.

## VI. Rule 12(c) Cannot Resolve Disputed Facts — and Defendants' Exhibits Defeat Their Accuracy Premise in Any Event.

Defendants repeatedly ask the Court to accept as established that the account "was charged off," "was in collection," and "remained delinquent." Those are precisely the facts Plaintiff

9

disputes. On a Rule 12(c) motion the Court views the pleadings in the light most favorable to the non-movant and does not credit the movant's contested factual assertions. *Peters*, 966 F.2d at 1485. The motion cannot be granted by crediting Defendants' version of the very facts in dispute. Nor is that dispute abstract: the accuracy of the challenged reporting is not only contested in the pleadings but contradicted by documentary evidence already in Plaintiff's possession, including American Express's own records of Plaintiff's on-time payments. The existence of such a factual dispute by itself defeats a motion that asks the Court to declare the reporting accurate as a matter of law on the pleadings.

Nor can the attached consumer reports rescue the motion. Defendants themselves represent that the Complaint references this reporting, ECF No. 32-1 n.2, so the reports are incorporated by reference and may be considered without converting the motion. *St. Francis Xavier*, 117 F.3d 621. Considered, they *support* Plaintiff — the $228 monthly reductions against "$0 paid" are the inaccuracy. If instead the Court treats the reports as outside the pleadings, it must either disregard them or convert the motion under Rule 12(d) and give Plaintiff notice and an opportunity to respond with his servicing and bank records. Fed. R. Civ. P. 12(d). Plaintiff prevails on either path: excluded, the well-pleaded allegations of inaccuracy stand unrebutted; considered, the exhibits confirm them.

## VII.  In the Alternative, Leave to Amend Should Be Granted.

Should the Court find any allegation insufficiently specific, dismissal with prejudice would be improper. Leave to amend is freely given when justice so requires, Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962), and amendment here would not be futile. Plaintiff can readily plead with greater particularity the conversion of the obligation into a fixed forty-eight-month plan, the $228 monthly payment, the automatic debits and the records confirming them, the

specific dispute dates, and Defendants' failure to correct — the very facts Defendants' own Exhibit A reflects. To the extent any deadline to amend set at the January 6, 2026 scheduling conference has passed, good cause exists to modify it under Rule 16(b)(4): the need to refine the pleading arises from Defendants' own May 29, 2026 motion recharacterizing Plaintiff's claim, Plaintiff has acted diligently, fact discovery remains open through July 24, 2026, and no trial date is set. Defendants identify no undue delay, bad faith, or prejudice. Any dismissal should therefore be without prejudice and with leave to amend.

## CONCLUSION

Defendants attack the surviving CRA counts with the theory of the dismissed furnisher counts — refuting a legal dispute Plaintiff never raised. The Complaint alleges that Defendants reported objectively false payment information on a performing account and failed to correct it after Plaintiff disputed it — a factual claim the FCRA exists to remedy, and one Defendants' own exhibits corroborate. Plaintiff respectfully requests that the Court deny the Joint Motion for Judgment on the Pleadings in its entirety, or, in the alternative, grant leave to amend.

Dated: June 29, 2026

Respectfully submitted,

/s/ Robert Hall

Robert Hall, Pro Se Plaintiff

6500 Dobbins Court

La Plata, MD 20646

(301) 412-5673

hallstreetgroup@gmail.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, I filed the foregoing with the Clerk of the Court, and that I served a true and correct copy on the following counsel of record by first-class United States mail, postage prepaid and by electronic mail, at the addresses below:

**Connor L. Trapp, Esq.**

Quilling, Selander, Lownds, Winslett & Moser, P.C.

10333 N. Meridian Street, Suite 200, Indianapolis, IN 46290

ctrapp@qslwm.com

**H. Mark Stichel, Esq.**

RKW Law Group

10075 Red Run Boulevard, 4th Floor, Owings Mills, MD 21117

hmstichel@rkwlawgroup.com

Counsel for Defendant Trans Union LLC

**Miriam Weinstock, Esq.**

Venable LLP

750 East Pratt Street, Suite 900, Baltimore, MD 21202

mweinstock@venable.com

Counsel for Defendant Experian Information Solutions, Inc.

**Jack R. McCaffrey, Esq.**

Clark Hill PLC

1001 Pennsylvania Avenue NW, Suite 1300 South, Washington, DC 20004

jmccaffrey@clarkhill.com

Counsel for Defendant Equifax Information Services LLC

/s/ Robert Hall

Robert Hall

12