**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

ROBERT HALL,                                    CASE NO.  1:25-cv-03696-LLA
          Plaintiff,

    vs.

AMERICAN EXPRESS COMPANY;
EQUIFAX INFORMATION SERVICES, LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
and TRANS UNION LLC;
          Defendants.

**TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, LLC AND EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY IN SUPPORT OF THEIR JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant consumer reporting agencies Trans Union LLC ("Trans Union"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian") (collectively, the "Defendants") by counsel, hereby files its Reply In Support of their Motion For Judgment On the Pleadings (the "Motion").

The Motion should be granted in this case where *pro se* Plaintiff's Opposition fails to identify any facts that can save the Complaint from dismissal where Defendants accurately reported that pro se Plaintiff's American Express ("AMEX") account had been either charged off or listed as in collections, but where Plaintiff claims that he and AMEX agreed the account would not be reported because:

A.      Not only does Plaintiff's Opposition still fail to identify any sufficiently alleged factually inaccurate information was reported, as required, but Plaintiff actually admits the reporting is accurate;

B. Case law further holds that legal disputes between consumers and their creditors cannot give rise to FCRA claims because consumer reporting agencies are not obligated to resolve these types of disputes; and

C. Plaintiff's claims should be dismissed with prejudice, because he fails to identify any facts that can save the claims.

## I. <u>INTRODUCTION</u>

Pro se Plaintiff alleges that the Defendants violated the Fair Credit Reporting Act ("FCRA") relating to their reporting of an account with AMEX (the "Account"). *See* generally Dkt. 1 Attachment 1 ("Complaint"). Plaintiff claims that AMEX reported this account as a "delinquent closed account" despite their agreement not to report the account. Complaint ¶ 18. Plaintiff admits that the account became delinquent but that he later came to an agreement with AMEX regarding paying off the balance. *Id*. at 15-17. Despite the Defendants' reporting that the account was charged off or collection account, as Plaintiff alleges, Plaintiff claims that this reporting was inaccurate because of this agreement that he came to with AMEX. *Id*.

Plaintiff is not disputing that he failed to pay his Account timely or that his account was untimely charged off, but rather, that AMEX was not supposed to report the delinquent account to the Defendants due to an agreement between Plaintiff and AMEX. *See* generally Complaint. For the reasons discussed below, these are not proper claims against the Defendants.

On May 29, 2026, the Defendants filed the Motion, arguing that Plaintiff's claims fail because the Complaint did not identify any sufficiently alleged inaccuracies in the Defendants' reporting of the account, which is required to state a prima facie case under the FCRA. *See generally* Motion. Further Plaintiff's claims were a collateral attack on the validity of the debt,

which also does not give rise to claims under the FCRA. In response to the Motion, Plaintiff filed an Opposition that argued he does not ask the Defendants to determine the validity of the debt but instead alleges that the reporting was factually false. *See* Opposition at 5. However, in the same Motion Plaintiff admits to the accuracy of the reporting when he acknowledges the account was behind and he had to enter a "Financial Relief Program" and that the total balance reporting dropped by the exact amount of the payments that were being made. *See Id* at 2 and 3.

For the reasons discussed in the Motion and as set forth below, Plaintiff's Complaint should be dismissed, with prejudice.

## II.   ARGUMENT

### A. Not Only Does Plaintiff's Opposition Still Fail To Identify Any Sufficiently Alleged Factually Inaccurate Information Was Reported, As Required, But Plaintiff Actually Admits The Reporting Is Accurate.

As discussed in the Motion, to state a claim under the FCRA, Plaintiff must plead a factual inaccuracy in Trans Union's reporting. *See* Memorandum in Support [Dkt. No. 32] at 3-4 (collecting case).  Plaintiff's Opposition fails to identify any sufficiently alleged facts within his Amended Complaint to establish an inaccuracy in Trans Union's reporting.  *See generally* Opposition. Plaintiff makes vague, conclusory statements based on his subjective belief to support his claim that the account inaccurately reported. However, subjective belief is not sufficient to plead an inaccuracy to sufficiently state a claim. *See Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1158 (11th Cir. 1991) ("[T]he standard of accuracy embodied in the [FCRA] is an objective measure.").

Specifically, Plaintiff states that he does not ask the Defendants to determine the validity of the debt but instead alleges that the reporting was factually false. *See* Opposition at 5. However,

Plaintiff admits to the accuracy of the reporting when he acknowledges the account was behind and he had to enter a "Financial Relief Program" and that the total balance reporting dropped by the exact amount of the payments that were being made. *See Id* at 2 and 3. By Plaintiff stating that he entered into a financial relief program his is admitting to the account being closed and in collections and by admitting that Trans Union was updating the reporting by the exact amount as his monthly payments he is admitting that Trans Union was accurately reporting the payment being made.

Plaintiff further admits that the account was in collections but seemingly believes that because he later came to an agreement to restructure the debt that the debt is no longer in collections. *Id* at 6. However, Plaintiff's subjective belief that this is not how the reporting should be does not matter. *See Cahlin* at 1158. Just because an account in collections is now being paid on again due to some agreement does not change the fact that the account is in collection. *See In re McGarvey*, 613 B.R. 285, 313 (Bankr. E.D. Cal. 2020) ("Plaintiff-Debtor's disgust with Defendant saying that the account is in "collection," notwithstanding Plaintiff-Debtor having filed bankruptcy does not make it inaccurate. Defendant is "collecting" the obligation, *abet*, as limited by the Bankruptcy Code….. Plaintiff-Debtor's assertions that failing to change the amount of the obligation to $0.00, to delete the accurate collection/transaction history, and to inaccurately state that the obligation was not in collection are contrary to the plan language of the FCRA and the statutory legislative intent"). Plaintiff also argues that the exhibit reports the "Amount Paid" of $0 and "Scheduled Payment of $0. *See* Opposition at 8. However, Plaintiff again confuses this issue as the $0 dollars listed in those fields are not saying that zero dollars was being made or was scheduled to be made, but that there is no data reporting for these fields. This is consistent with

industry standards and is often seen in accounts that have been charged off because no payments are being made pursuant to the original agreement. Plaintiff unequivocally admitted that he is no longer making payments pursuant to the original agreement and the account was charged off. Again, as stated above, Plaintiff's misunderstanding of this issue does not matter as this is an objective standard that can be expected to adversely affect credit decisions. *See Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246, 1252 (11th Cir. 2020); *see also Skurowitz v. Bank of America, N.A.*, No. 21-61849-CIV, 2023 WL 1810304, at *3 (S.D. Fla. Feb. 8, 2023) ("Plaintiff's subjective understanding does not satisfy the objective test established in *Erickson*.") In this instance reporting an account consistent with industry standards would not be expected to adversely affect credit decisions. The reporting in this case is simply accurate even by Plaintiff's own admissions and therefore Plaintiff's claims fail as a matter of law.

### B. Case Law Further Holds That Legal Disputes Between Consumers And Their Creditors Cannot Give Rise To FCRA Claims Because Consumer Reporting Agencies Are Not Obligated To Resolve These Types Of Disputes.

As discussed in the Motion, plaintiff cannot maintain a claim under the FCRA where he raises a collateral attack on the validity of a debt, rather than alleging a factual inaccuracy in the reporting of that debt. *See* Memorandum in Support [Dkt. No. 32] at 5-6 (collecting cases). Plaintiff's Opposition attempts to shift the focus away from his legal attacks against the debt, but his rationale still relies on contract interpretation. *See generally* Opposition. Specifically, Plaintiff seems to believe that because he later came to a restructured agreement that this debt can no longer be listed in collection. *Id*. In the Complaint, Plaintiff argues that Defendants violated the FCRA by reporting the Account as charged off or as a collection account despite AMEX's assurances to

Plaintiff that it would not report the Account at all. *Complaint* ¶ 18. In the Opposition, Plaintiff states proof of this is in "American Express's own records", that answers to the questions in this case are answerable from "American Express's servicing data and Plaintiff's bank records", and Plaintiff challenges what Defendants reported about the account after it was restructured. *See* Opposition at 6,7, and 10.

To the extent the reporting was supposed to change from the industry standard, as is the case here, this would require the defendants to know and interpret some later agreement that Plaintiff came to with the furnisher that Plaintiff does not claim he provided with his dispute. However, as stated above, case law holds that CRAs are not required to adjudicate legal disputes between consumers and furnishers precludes Plaintiff's claims. Courts have consistently held that CRAs have *no* obligation to resolve legal disputes between a consumer and a creditor. If AMEX failed to uphold their end of a possibly legally binding agreement or to what Plaintiff is entitled to under that agreement, are simply not questions Defendants are capable of resolving, nor are they required to. As such, Plaintiff's claims fail to plead a threshold element of his FCRA claims, and as a result, Plaintiff's claims should be dismissed with prejudice.

### C.  Plaintiff's Claims Should Be Dismissed With Prejudice, Because He Fails To Identify Any Facts That Can Save The Claims.

As discussed in the Motion, dismissal of a complaint with prejudice is warranted if amending the pleadings would be futile. *See Tax Analysts v. Internal Rev. Serv.*, No. Civ. A. 96-2285 (CKK), 2000 WL 689325, at *1 (D.D.C. Mar. 31, 2000) *(emphasis added) (quoting Foman v. Davis,* 371 U.S. 178, 182 (1962).  Plaintiff has not identified any facts in his Opposition that could save his claims from dismissal. *See generally* Opposition. Plaintiff admits that the reporting is accurate, but he simply misunderstands what fields mean and what the industry standards are.

Further if there was any agreement to deviate from the industry standards, the Defendants are not required to interpret this agreement.

Therefore, no set of facts can be asserted to properly allege an inaccuracy claim, and any relief for amendment should be denied.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, as well as those set forth in the Motion and Memorandum, Defendants respectfully request that the Court grant this Motion, dismiss Plaintiff's Complaint against Defendants in its entirety, with prejudice, and award Defendants their fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Connor L. Trapp*
Connor L. Trapp, Esq. (IN# 39047-30)
  (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
  & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: ctrapp@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*

H. Mark Stichel, Esq. DC Bar No. 503038
RKW Law Group
10075 Red Run Boulevard
Owings Mills, Maryland 21117
Telephone:  (443) 379-8987
Fax:  (443) 379-4023
E-Mail:  hmstichel@rkwlawgroup.com

*Local Counsel for Defendant Trans Union LLC*

*/s/ Miriam Weinstock*
Miriam Weinstock (Bar ID 90018519)
VENABLE LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
T (410) 244-7504
F (410) 244-7742
Mweinstock@venable.com

*Counsel for Defendant Experian Information Solutions, Inc.*

*/s/ Jack R. McCaffrey*
Jack R. McCaffrey, DC Bar No. 90005202
jmccaffrey@clarkhill.com
CLARK HILL PLC
1001 Pennsylvania Avenue, NW
Suite 1300 South
Washington, DC  20004
Telephone:  (202) 640-6675
Facsimile:  (202) 772-0919

*Counsel for Defendant*
*Equifax Information Services LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **7th day of July, 2026**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| | |
|---|---|
| Miriam Weinstock, Esq.<br>Mweinstock@Venable.com | Jack R. McCaffrey, Esq.<br>jmccaffrey@clarkhill.com |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **7th day of July, 2026**, properly addressed as follows:

| | |
|---|---|
| **Pro Se Plaintiff**<br>Robert Hall<br>10 K Street SE, #1012<br>Washington, DC 20003 | |

/s/ Connor L Trapp
Connor L. Trapp, Esq. (IN# 39047-30)
 (admitted *Pro Hac Vice*)
Quilling, Selander, Lownds, Winslett
 & Moser, P.C.
10333 North Meridian Street, Suite 200
Indianapolis, IN 46290
Telephone:  (317) 497-5600, Ext. 606
Fax:  (317) 899-9348
E-Mail: ctrapp@qslwm.com

*Lead Counsel for Defendant Trans Union LLC*